37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Mary ROEMER, Plaintiff/Appellant,
v.
Lynn OESTREICH, et al., Defendants/Appellees.
 No. 93-3064.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1994.*
Decided Oct. 11, 1994.
 
 Before CUDAHY, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Mary Roemer brought an action pursuant to 42 U.S.C. Sec. 1983, against three prison officials of the Waupun Correctional Institution in Waupun, Wisconsin. She alleged that the prison officials violated her constitutional rights by refusing to permit her to marry Gordon Turner, an inmate in their custody, on the date she selected. The district court granted the defendants' motion for summary judgment. We review the grant of summary judgment de novo. Kennedy v. United States, 965 F.2d 413, 417 (7th Cir.1992).
 
 
 2
 Roemer was scheduled to marry Turner on November 10, 1992. Prior to the ceremony, Roemer and Turner had engaged in counseling sessions, pursuant to prison regulations; permission to marry at the prison was granted. On the morning of the event, prison officials canceled the ceremony because they had received information that caused them to fear for Roemer's safety. On January 14, 1993, Turner's inmate account was credited for the cost of the marriage license. On February 12, 1993, prison officials gave approval to reschedule the wedding. On April 1, 1993, Roemer and Turner were married.
 
 
 3
 The district court found that the prison officials had delayed the wedding for the legitimate interest of protecting Roemer and granted the defendants' motion for summary judgment. Roemer argues that the record does not support the conclusion that the prison officials canceled the wedding for her protection.
 
 
 4
 Prisoners enjoy a constitutional right to marry, but prison regulations may impose restrictions on that right that are reasonably related to penological concerns. Turner v. Safley, 482 U.S. 78 (1987). If prison officials believed that Roemer was in danger and that canceling the wedding was in her best interest, then the restriction would be reasonably related. On the morning of the scheduled wedding Oestrich received an incident report that indicated that Roemer could be in danger and was marrying Turner out of fear. Viewed in isolation the action of delaying the ceremony appears reasonable. What is troubling, however, is that the officials' subsequent actions and answers given during their depositions provide a different picture. Roemer had assured officials prior to the initial approval of her request to marry that she was aware of the nature of the crimes Turner had committed. Roemer, Turner and the prison chaplain had completed the required counseling. Despite general statements made concerning "safety," the predominant theme that emerged was that prison officials thought they should give Roemer time to reconsider her marriage. Although it is certainly reasonable for prison officials to protect the public and avert dangerous situations, we cannot condone the efforts of the defendants to determine what was right for Roemer. She was alerted to the situation, she appeared to understand the situation, and she chose to marry Turner.
 
 
 5
 It would be unconstitutional to deny an inmate the right to marry without good cause; similarly it would be improper for prison officials to determine at their leisure without good cause whether a marriage between an inmate and another would be appropriate. Nevertheless, we cannot say that a constitutional violation has occurred here. The action of delaying the marriage in light of the last minute information was a reasonable precaution at that time.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs